PINE MOUNTAIN IRON & COAL Co. *vs.* JEROME B. TABOUR.

Argued by respondent, submitted on briefs by appellant, Oct. 30, 1893. Affirmed Nov. 17, 1893.

No. 8215.

The discretion of the trial court when not reviewable.

Where there is no abuse of the discretionary power of the court below, as in this case, in refusing the application of the defendant to set aside his default in not answering, the order should be affirmed.

Appeal by defendant, Jerome B. Tabour, from an order of the District Court of Hennepin County, *Charles W. Pond*, J., made October 20, 1892, refusing to vacate a judgment in the action and to allow him to answer.

The plaintiff, the Pine Mountain Iron and Coal Company, a foreign corporation, brought this action to recover of its agent the defendant $2,057.17 rents collected by him from its tenants of Central Park Terrace in Minneapolis. The summons and complaint were personally served August 15, 1892. The defendant did not appear or answer and judgment was entered September 6, 1892, for the amount claimed with interest and $7.52 costs. On October 6, 1892, defendant obtained an order to show cause and gave notice according to the special practice in the Fourth Judicial District, that he would move the Court on October 8, 1892, upon affidavits, to vacate the judgment and allow him to answer, but served no proposed answer with the motion papers. His affidavit was that he had a counterclaim for repairs, expenses and commissions amounting to more than the rents collected, and that plaintiff's attorneys had orally promised to delay the entry of judgment and examine his counterclaim and adjust it with him. They by affidavits denied this, and stated that defendant repeatedly promised to pay the judgment. The Court denied the defendant's application, saying; There is nothing to prevent his bringing an action on his counterclaim if he has any. The statute on which *Fowler* v. *Atkinson*, 6 Minn. 503, was based was repealed prior to the decision in *Douglas* v. *First Nat. Bank*, 17 Minn. 35.

*Welch, Botkin & Welch,* for appellant.

The lower Court mistook the character of the defendant's proposed defence and treated it as being in the nature of a counterclaim, but it is not, it is a defense pure and simple. The defendant would have no standing in an independent action. The facts simply constitute payment of plaintiff's demand.

*Rea, Hubachek & Healy,* for respondent.

An application to vacate a judgment and for leave to answer is matter of discretion with the Court below; and an order refusing such application will not be reversed, except for abuse of discretion. *Smith* v. *Harmon,* 32 Minn. 312; *Sandberg* v. *Berg,* 35 Minn. 212.

The application of defendant was fatally defective in that no proposed answer was included among the moving papers.

BUCK, J. An examination of the record in this case satisfies us that the court below was fully justified in the exercise of its discretionary power in refusing the application of the defendant to vacate the judgment rendered against him, and allow him to answer. In its finding, the court states that the counter affidavits introduced on the hearing by plaintiff against those of the defendant upon his application were true. These affidavits strongly contradicted those of the defendant. There is not the slightest ground to say that the court below abused its discretionary powers in this respect. That the defendant was guilty of inexcusable neglect is too apparent to need discussion. There is no finding of the court below upon the question of whether the defendant, by neglecting to appear and answer, is barred by the statute from bringing an action upon his alleged counterclaim to the cause of action set up in the plaintiff's complaint, although it is referred to in its memorandum. The real question before the court seems to have been the inexcusable neglect in the matter of not appearing and answering. Upon that question the court below, in the proper exercise of its discretionary power, found against the defendant, and, upon the record, we do not think it should be reversed here. The other question, of whether the defendant is barred from bringing an action upon the matters which he seeks to bring into the suit by vacating the judgment and answering, can be determined in another

action if such action is brought.    We do not determine that question now, as it is not properly before us.    The order of the court below is affirmed.

(Opinion published 56 N. W. Rep. 895.)